**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re: DANIEL L. GRANGER,                          No. 7-07-13276 MR

      Debtor.

**ORDER OVERRULING DEBTOR'S OBJECTION TO**
**THE UNITED STATES TRUSTEE'S MOTION TO DISMISS**

THIS MATTER is before the Court on the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) Based on Presumption of Abuse Arising Under 11 U.S.C. § 707(b)(2) and Abuse Arising Under 11 U.S.C. §707(b)(3) ("Motion to Dismiss"). *See* Docket # 21. The Debtor objected to the Motion to Dismiss, alleging that the United States Trustee's statement of presumed abuse was untimely filed and that the timely filing of a statement of presumed abuse is a pre-requisite for filing a motion to dismiss based on either the presumption of abuse provisions contained in 11 U.S.C. § 707(b)(2) or based on the totality of circumstances as provided under 11 U.S.C. § 707(b)(3). *See* Docket # 24.

The main issue raised by the Debtor's objection is whether the ten-day period prescribed by 11 U.S.C. § 704(b)(1)(A) within which the United States Trustee is required to file a statement indicating whether a presumption of abuse arises under 11 U.S.C. §707(b) begins to run from the first date set for the meeting of creditors or whether the period does not begin to run until the meeting of creditors is concluded. The secondary issue is whether a motion to dismiss based on the totality of circumstances as provided in 11 U.S.C. § 707(b)(3) is subject to the time limits contained in 11 U.S.C. § 704(b)(2). The parties agreed to submit these threshold questions of law to the Court for consideration on briefs. After consideration of the briefs and the applicable statutes in light of the relevant case law, the Court finds that the time period

1

specified by 11 U.S.C. §704(b)(1)(A) does not begin to run until the conclusion of the meeting of creditors.   Thus the statement of presumed abuse and consequent Motion to Dismiss were timely filed, and the Court will overrule the Debtor's objection.

## PROCEDURAL HISTORY

The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 27, 2007.   The meeting of creditors was set on February 19, 2008.   The Chapter 7 Trustee continued the meeting of creditors to March 18, 2008 and concluded the creditors' meeting on that date.   Ten days later, on March 28, 2008, the United States Trustee filed a statement that the Debtors' case is presumed to be an abuse under section 707(b).   On April 21, 2008 the United States Trustee filed the Motion to Dismiss.[1]

## DISCUSSION

Pursuant to 11 U.S.C. § 704(b)(1)(A) the United States Trustee is required to file a statement indicating whether an individual debtor's case is presumed abusive under 11 U.S.C. § 707(b).   It provides:

> With respect to a debtor who is an individual in a case under this chapter --
> (A) the United States trustee (or bankruptcy administrator, if any) shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b)[.]

---

[1] The Motion was filed sixty-two days after the first date set for the meeting of creditors. Because the sixtieth day following the first date set for the meeting of creditors fell on a Saturday, the Motion is deemed to have been filed within sixty days of the first date set for the meeting of creditors.  *See* Rule 9006, Fed.R.Bankr.P. ("In computing any period of time . . . the day of the act . . . from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.").

11 U.S.C. § 704(b)(1)(A).

Debtor argues that the language, "not later than 10 days after the date of the first meeting of creditors" means that the United States Trustee must file its statement indicating whether a presumption of abuse arises within ten days of the date the first meeting of creditors is scheduled.   In other words, Debtor asserts that "the date of the first meeting of creditors" is the equivalent of "the first date set for the meeting of creditors."   The first date set for the meeting of creditors in this case was February 19, 2008, but the United States Trustee did not file a statement of presumed abuse until March 28, 2008.  Under the Debtor's construction of 11 U.S.C. § 704(b)(2), the statement of presumed abuse was untimely.  The United States Trustee counters that "the date of the first meeting of creditors" means the entire meeting, which may be continued from time to time,[2] and includes the date the meeting is concluded.   Thus, under the United States Trustee's construction of this provision, the statement of presumed abuse was not due until March 28, 2008, ten days after the meeting of creditors was concluded.

There are cases supporting each of the parties' position.[3]   Ultimately, the meaning of the

---

[2]*See* Rule 2003(e), Fed.R.Bankr.P. (providing that the meeting of creditors "may be adjourned from time to time by an announcement at the meeting of the adjourned date and time without further written notice.").

[3]The following cases interpret 11 U.S.C. § 704(b)(2) to mean that the ten-day period begins to run from the first date set for the meeting of creditors:  *In re Close,* 353 B.R. 915, 918 (Bankr.D.Kan. 2006), *aff'd,* 384 B.R. 856 (D.Kan. 2008)(finding that "[t]he plain reading of the phrase refers to the first meeting date and not some later date."); *In re Clark,* Case No. 08-10741 (Bankr.E.D.Tenn. June 27, 2008); *In re McClellan,* Case No. 06-12768, slip op. at 2 (Bankr.D.Nev. July 16, 2007) (reasoning that "date of" is "not a floating or continued date – and thus the first date set for the meeting is the operative date.").

The following cases construe the deadline contained in 11 U.S.C. § 704(b)(2) to include the date the meeting of creditors is concluded: *In re Cadwallder,* 2007 WL 1864154 (Bankr.S.D.Tex. 2007);  *In re Sloan,* Case No. 06-11490 (W.D.Okla. Feb. 6, 2007).

3

phrase "date of the first meeting of creditors" under 11 U.S.C. § 704(b)(2) depends on which interpretation best promotes the policies and purposes underlying the statute. On the one hand, using the "first date set" as the triggering event promotes efficiency and certainty and furthers the Debtor's fresh start policy under the Bankruptcy Code because the debtor and other interested parties will be informed early on whether the presumption of abuse arises. [4] On the other hand, requiring the United States Trustee in all instances to file the statement of abuse within ten days of the date first set frustrates the purpose of the statute, which directs the United States Trustee to review all information filed by a debtor to make a determination of whether a presumption of abuse arises, a determination that may be not be possible to make if the debtor fails to timely file all the required information.[5]

After weighing the policy arguments in light of the intended purposes of 11 U.S.C. § 704 and 11 U.S.C. § 707(b), the Court finds that 11 U.S.C. § 704(b)(2) requires that the statement must be filed within ten days of the conclusion of the meeting of creditors. In other words, "date

_____

*See also,* 6 Collier on Bankruptcy ¶ 704.17[1] (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. rev. 2008)(stating that "logically it makes sense to read this deadline as running from the conclusion of the meeting of creditors, rather than the first date set for the meeting of creditors . . . . [o]therwise, if the debtor is unable to attend the meeting on the first date set, or provide all necessary documents, the United States trustee might not have all of the materials necessary to make an accurate determination.");

[4]*See In re Close,* 384 B.R. 856, 869-70 (D.Kan. 2008)(noting that the amendments contained in the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") "were intended to reduce delay and in particular, to expedite the basic determination of whether a party should be in bankruptcy[ ]" finding that the purpose of the statute would be frustrated if the United States trustee "were permitted to postpone filing the § 704(b)(1)(A) statement until after she decides to conclude the § 341 meeting").

[5]*See* 11 U.S.C. § 704(b)(1)(A) ("the United States trustee . . . shall review all materials filed by the debtor. . . ").

4

of the first meeting of creditors" includes the date upon which the creditors' meeting is concluded. In most instances the meeting of creditors is concluded on the first date the meeting is held, which is also the "first date set" for the meeting of creditors contained in the notice of creditors meeting sent at the outset of the case. Interpreting "date of the first meeting of creditors" to mean the date the meeting is concluded will allow the United States Trustee to gather the information necessary to make a determination of whether the presumption of abuse arises and best serves the intended purposes of the statute. Several courts have determined that a statement filed within ten days of the date first set for the meeting of creditors indicating that the United States Trustee could not make a determination regarding the presumption of abuse fails to satisfy the requirements of 11 U.S.C. § 704(b)(1)(A).[6] Construing "date of the first meeting of creditors" to mean the date the meeting is concluded eliminates that problem.

*In re Cadwallder,* an unreported decision issued by the Bankruptcy Court for the Southern District of Texas, finds that the ten day period "runs from the end of the creditors' meeting, not the commencement of the creditors' meeting" but ultimately concludes that 11 U.S.C. § 704(b)(1)(A) does not impose a deadline with consequences for failure to file a timely

---

[6]*See, e.g., In re Perrotta,* 378 B.R. 434, 438 (Bankr.D.N.H. 2007)(stating that the United States trustee's statement indicating that the trustee was unable to determine whether the presumption of abuse arose failed to satisfy the statutory requirements of 11 U.S.C. § 704(b)(2), so that the United States trustee was precluded from filing a motion to dismiss based on a presumption of abuse § 707(b)(2)); *In re Robertson,* 370 B.R. 804, 810-11 (Bankr.D.Minn. 2007)(United States trustee must affirmatively state whether the case is presumed to be an abuse, not merely state that the United States trustee is not able to make such a determination, and that a definitive statement under § 704(b)(2) is a prerequisite to the filing of a motion to dismiss under § 707(b)(2)). *See also In re Byrne,* 376 B.R. 700, 703-704 (Bankr.W.D.Ark. 2007)(stating that the failure to timely file a statement under § 704(b)(2) precludes the United States trustee from filing a motion to dismiss for abuse under § 707(b)(2), but that § 704(b)(2) is not a pre-requisite the United States trustee's motion to dismiss under § 707(b)(3)).

statement.[7]  *Cadwallder* points out that construing "date of the first meeting of creditors" to include the date a continued meeting of creditors is ultimately concluded, could result in a deadline that is longer than the sixty-day deadline for filing motions to dismiss based on a totality of circumstances under 11 U.S.C. § 707(b)(3).[8]   The Court is not persuaded that the ultimate conclusions reached in *Cadwallder* ("that § 704(b) is a mandate for U. S. trustee action imposed for the benefit of the Court an other parties in interest, not a deadline"[9]) must be adopted in order to adequately interpret the requirements of 11 U.S.C. § 704(b).

Generally a trustee will continue a meeting of creditors when the debtor is unable to be present on the first date set for the meeting of creditors, or when the trustee seeks additional information from the debtor.   Thus any delay in finality that results from computing the ten-day period from the date the meeting of creditors is concluded rather than the date first set is likely caused by the debtor.   Allowing the United States trustee time within which to make a definitive statement as to whether the presumption of abuse arises by construing "date of the first meeting of creditors" to include the date the meeting is concluded outweighs the Code's  "fresh start" policy that favors  debtors.   To rule otherwise would enable an uncooperative debtor to manipulate the deadline and avoid a motion to dismiss based on a presumption of abuse by

_____

[7]*In re Cadwallder,* 2007 WL 1865154, at *6 (Bankr.S.D.Tex. 2007)("[T]he Court believes that § 704(b) establishes a duty, but does not establish the penalty for failure to perform that duty, and therefore even if a U.S. Trustee failed to comply strictly with his § 704(b) duties, his motion to dismiss would not (merely for that reason) be time-barred.").

[8]If the creditor's meeting were first set on September 1, and continued, or adjourned, but not concluded until December 1, the Unite States Trustee could then file a statement of presumed abuse within ten days thereafter, and not have to file a motion to dismiss based on a presumption of abuse until January 9, which is well beyond the sixty-day deadline contained in Rule 1017(e), Fed.R.Bankr.P.

[9]*Cadwallder,* 2007 WL 1864154, at *9.

6

failing to file or otherwise provide the required documents before the date first set for the meeting of creditors.[10]

The language of 11 U.S.C. § 704(b)(2) likewise supports this result.   Elsewhere in the Bankruptcy Code and Rules, the phrase "first date set" is used.[11]   Because 11 U.S.C. § 704(b)(2) uses different language, it does not automatically follow that its meaning is the equivalent of "first date set."[12]   Had Congress intended "date of the first meeting of creditors" as used in 11 U.S.C. § 704(b)(1) to mean the "first date set" for the meeting of creditors, it could have used that language.[13]

---

[10]*Cf. In re Snyder,* 2007 WL 4533519 (Bankr.W.D.Ark. 2007)(unreported) (refusing to grant the United States trustee's motion to extend the time for filing a motion under 11 U.S.C. § 704(b)(2) where the United States trustee's statement filed pursuant to 11 U.S.C. § 704(b)(1)(A) stated that the United States trustee was currently unable to determine whether the case was presumed to be an abuse); *Cadwallder,* 2007 WL 1864154, at *8 n. 17 (stating that § 704(b) contains no provision for the extension of the deadline so that the court would have no authority to extend it and noting in a footnote that by treating the ten-day time limit as a deadline "it would be possible for a debtor to cause the U.S. Trustee to breach the deadline simply by withholding information.").  *See also, Sloan,* Case No. 06-11490 (W.D.Okla. February 6, 2007), slip op. at 5 (noting that when the debtor did not file their amendments until after the time period under 11 U.S.C. § 704(b)(1)(A) began to run, the time frame that runs from the date first set "is unduly restrictive and affects the UST's duty to conduct a through review of the Debtor's filings.")

[11]*See, e.g.,* 11 U.S.C. § 521(a)(2)(B) ("within 30 days after the first date set for the meeting of creditors . . . "); 11 U.S.C. § 521(e)(2)(A)(i)("not later than 7 days before the date first set for the first meeting of creditors. . ."); Rule 3002(c)(1), Fed.R.Bankr.P. ("a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors. . .") Rule 4004(a), Fed.R.Bankr.P. ("a complaint objecting to the debtor's discharge . . . shall be filed no later than 60 days after the first date set for the meeting of creditors. . .").

[12]*See Cadwallder,* 2007 WL 1864154 at *12 (stating "first date set" is the only phrase consistently and definitively interpreted to mean the date the creditors' meeting is first set, and that because Congress did not use that phrase in § 704(b)(2) one cannot conclude that the plain language of § 704(b)(2) establishes that meaning, though it may not exclude it).

[13]*See Sloan,* Case No. 06-11940 (W.D.Okla. February 6, 2007), slip op. at 4. *But cf. Close,* 384 B.R. at 866 (finding that the plain language of 11 U.S.C. § 704(b)(2) means that the ten-day period begins to run from the date first set for the meeting of creditors, concluding that

The Court acknowledges that *Close* reaches a contrary result, finding that the plain

language contained in 11 U.S.C. § 704(b)(2) means that the ten-day period begins to run from

the date first set for the meeting of creditors, concluding that "the statutory language of §

704(b)(1)(A) supports a plain language interpretation that 'first' means 'first.'" *Close* 384 B.R. at

866. The District Court in *Close* also points out that the amendments contained in BAPCPA,

which include the Code section at issue, do not consistently use the phrase "date first set" (*e.g.,*

11 U.S.C. § 1308 uses the phrase "the date on which the meeting of creditors is first scheduled to

be held" and 11 U.S.C. § 521(e)(2)(A)(i) uses the phrase "not later than 7 days before the date

first set for the first meeting of creditors") but that BAPCPA did not amend other code sections

that continue to reference "the meeting" of creditors, as opposed to the *first* meeting of creditors.

*Close,* 384 B.R. at 864-65. Consequently, in order to give meaning to all the words used in 11

U.S.C. § 704(b)(1)(A), *Close* concludes that the "date of the first meeting of creditors" means the

first date set for the meeting of creditors. *Id.* This Court respectfully disagrees.

As stated above, 11 U.S.C. § 704(b)(1)(A) does not use the clear and unequivocal phrase

"first date set." Consequently, the language contained in 11 U.S.C. § 704(b)(1)(A) need not be

interpreted as the substantive equivalent of "first date set." For the reasons explained above, the

Court concludes that "date of the first meeting of creditors" contained in 11 U.S.C. §

704(b)(1)(A) includes the date the meeting of creditors is ultimately concluded. This

interpretation furthers the intended purposes of the presumption of abuse provisions enacted as

part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"): "to

---

"the statutory language of § 704(b)(1)(A) supports a plain language interpretation that 'first'
means 'first.'").

ensure that debtors who have the ability to repay a portion of their debts be forced to do so

through Chapter 13. . . [and] eliminate the broad discrepancies in court decisions interpreting

'substantial abuse' under the prior version of § 707(b)." *In re Lindstrom,* 381 B.R. 303, 308

(Bankr.D.Colo. 2007)(citations omitted).

Because the Court finds that the United States Trustee's statement of presumed abuse

was timely filed, the Motion to Dismiss, which was filed within thirty days thereafter was also

timely filed. *See* 11 U.S.C. § 704(b)(2).[14]   The Court does not reach the issue of whether the

timely filing of a statement of presumed abuse under 11 U.S.C. § 704(b)(2) is a prerequisite to

the filing of a motion to dismiss based on the totality of circumstances under 11 U.S.C. §

707(b)(3).

Based on the foregoing, the Debtor's objection to the Motion to Dismiss is overruled.

_____

MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket:  September 22, 2008

COPY TO:

_____

[14]That section provides, in relevant part:
> The United States trustee (or bankruptcy administrator, if any) shall, not later than
> 30 days after the date of filing a statement under paragraph (1), either file a
> motion to dismiss or convert under section 707(b) or file a statement setting forth
> the reasons the United States trustee (or the bankruptcy administrator, if any) does
> not consider such a motion to be appropriate . . .

> 11 U.S.C. § 704(b)(2).

9

R Trey Arvizu, III
Attorney for Debtor
PO Box 1479
Las Cruces, NM 88004-1479

United States Trustee
Alice Nystel Page
PO Box 608
Albuquerque, NM 87103-0608